# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

HAROLD DEMETRIS WAYNE                                                                PLAINTIFF

V.                            No. 4:20-CV-1279-LPR-JTR

KILOLO KIJAKAZI, Commissioner
Social Security Administration[1]                                                    DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Rudofsky can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

## I. Introduction

Plaintiff, Harold Demetris Wayne ("Wayne"), applied for supplemental security income on May 23, 2017, alleging disability beginning on July 4, 2013.[2]

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration and is substituted as the Defendant in this action. Fed. R. Civ. P. 25(d).

[2] For supplemental security income claims, the application date signals the start of the relevant time-period, so the relevant time-period for determination of eligibility for benefits began on May 23, 2017. (Tr. at 10, 31).

(Tr. at 10). After conducting a hearing, the Administrative Law Judge ("ALJ") denied Wayne's application on October 21, 2019 (Tr. at 20) and the Appeals Council later denied his request for review. (Tr. at 1). Thus, the ALJ's decision now represents the final decision of the Commissioner. Wayne has filed a Complaint seeking judicial review.

For the reasons stated below, the Court concludes that the Commissioner's decision should be affirmed.

## II. The Commissioner's Decision

The ALJ found that Wayne had not engaged in substantial gainful activity since the application date of May 23, 2017.[3] (Tr. at 12). At Step Two, the ALJ found that Wayne has the following severe impairments: morbid obesity; excision of a right heel tumor with resection, grafting, and repeat excision; left hand surgery with residual contractures; obstructive sleep apnea; and depression. *Id.*

After finding these impairments did not meet or equal a listed impairment (Tr. at 13), the ALJ determined that Wayne had the residual functional capacity ("RFC") to perform work at the sedentary exertional level, with the following additional

---

[3] The ALJ followed the required five-step analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment (Listing); (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)–(g), 416.920(a)–(g).

limitations: (1) he can never climb ladders, ropes, or scaffolds; (2) he can only occasionally climb ramps and stairs; (3) he can only frequently handle with the dominant left upper extremity; (4) he should avoid concentrated exposure to excess vibration, use of hazardous machinery, and unprotected heights; (5) he can make simple work-related decisions and can maintain concentration, persistence, and pace for simple tasks; (6) he can understand, remember, and carry out simple work instructions and procedures; (7) he can adapt to work setting changes that are simple, predictable, and can be easily explained; (8) he can handle supervision that is simple, direct, and concrete; and (9) he can have occasional superficial interaction with coworkers, supervisors, and the public. (Tr. at 14–15).

Because Wayne had no past relevant work (Tr. at 19), the ALJ, at Step Five, relied on the testimony of a Vocational Expert ("VE") to find that, based on Wayne's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that he could perform, including work as a call out operator and an election clerk. (Tr. at 20). Thus, the ALJ found that Wayne was not disabled. *Id*.

### III.   Discussion

#### A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see*

*also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B. **Wayne's Arguments on Appeal**

Wayne contends that the evidence supporting the ALJ's decision to deny benefits is less than substantial. He argues that the ALJ did not consider all of Wayne's impairments in combination and did not properly analyze Wayne's subjective complaints. Finally, he argues that the hypothetical questions posed to the VE did not capture all of Wayne's limitations. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

Wayne had a left-hand injury that required surgery. However, during the administrative hearing, he admitted that he had not followed up with treatment. (Tr. at 41). Wayne also complained of low back pain but did not seek treatment of that condition either. (Tr. at 48).

Wayne suffered from obstructive sleep apnea which was controlled with a CPAP machine. (Tr. 754–770). He did not require more aggressive treatment for his sleep apnea.

Wayne had a tumor in his right foot, which was excised in two surgeries. (Tr. at 361–370, 488–541, 679–699, 721–737). He also required two skin grafts at the excision point. *Id*. In October 2017, in a follow-up appointment after his first surgery, he said he was doing well. (Tr. at 629). His surgeon encouraged him to exercise. (Tr. at 544–545, 556). He also attended physical therapy which helped with his foot pain. (Tr. at 555–566).

At a follow-up appointment with his surgeon in February 2018, Wayne was in no distress and had a normal gait. (Tr. at 707). His surgeon told him the skin graft was successful. (Tr. at 730–733). Wayne was instructed to exercise and limit his caloric intake to lose weight. (Tr. at 795).

Wayne has a BMI of 44. (Tr. at 16). He falls into the morbidly obese category. There is no indication that he tried to exercise or lose weight, in spite of his doctors' recommendations. The ALJ discussed Wayne's obesity and included it as a severe impairment at Step Two. (Tr. at 12–16).

Wayne also alleged that he had disabling depression. However, he was inconsistent with taking psychiatric medication and did not follow up with his doctors' suggestion for counseling. (Tr. at 17–18, 643, 792). He did not require in patient hospitalization for depression, and no psychiatric provider suggested that his depression was debilitating.

Wayne asserts that the ALJ did not consider all his impairments in combination. The ALJ did discuss all of Wayne's alleged impairments, including those for which he did not seek treatment. (Tr. at 12–16). The ALJ also factored Wayne's obesity into his discussion, as required by administrative regulations. (Tr. at 13); SSR 19-2p. Finally, the ALJ fully discussed the medical and testimonial evidence when he found that Wayne was not disabled. *See Hajek v. Shalala*, 30 F.3d 89, 92 (8th Cir. 1994) (ALJ properly considered the combined effects of impairments

when the ALJ noted that the evidence as a whole did not show claimant's symptoms would preclude all work).[4]

Wayne also claims that the ALJ did not properly evaluate his subjective complaints. When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions. *See Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). An ALJ need not explicitly discuss each factor, and he may decline to credit a claimant's subjective complaints if the evidence as a whole is inconsistent with the claimant's testimony. *Id*.

In this case, the ALJ discussed in detail the nature of Wayne's pain. (Tr. at 12-17). He also discussed Wayne's treatment and improvement over time. *Id*. The ALJ noted non-compliance with some recommended treatment. *Id*. He discussed the fact that Wayne worked during the relevant time-period.[5] (Tr. at 14–16). And the

---

[4] Once the ALJ proceeds past Step Two, the labeling of an impairment as severe or non-severe has no legal significance; the medical record as whole is the basis for the determinations at Steps Three and Four. See 20 C.F.R. §§ 404.1545(e), 416.945(e); SSR 96-8p, 1996 WL 374184 (the ALJ will consider all medically determinable impairments, even those that are non-severe, when assessing residual functional capacity).

[5] Wayne worked 16–20 hours a week as a dishwasher at IHOP in 2019. (Tr. at 18, 38–39). Working generally demonstrates an ability to perform a substantial gainful activity, and it is

ALJ observed that Wayne was able to perform a variety of daily activities.[6] (Tr. at 18). The ALJ thoroughly addressed Wayne's subjective complaints.

Finally, the Court finds no error at Step Five. The ALJ may meet his burden at Step Five by eliciting testimony from a VE in response to "a properly phrased hypothetical question that captures the concrete consequences of a claimant's deficiencies." *Porch v. Chater*, 115 F.3d 567, 572 (8th Cir. 1997). A hypothetical question need only include those impairments and limitations found credible by the ALJ. *Vandenboom v. Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005). As previously discussed, the ALJ properly considered all of Wayne's impairments and explained his reasoning at each step in the evaluation process. The hypotheticals posed to the VE, which included postural restrictions based on credible physical impairments, captured all of Wayne's limitations.[7]

## IV. Conclusion

There is substantial evidence to support the Commissioner's decision that Wayne was not disabled. The ALJ considered all of Wayne's impairments in

---

inconsistent with complaints of disabling pain. *Naber v. Shalala*, 22 F.3d 186, 188–89 (8th Cir. 1994).

[6] Wayne admitted he could do light housework, shop in stores, prepare simple meals, watch TV, and attend his mother's doctor appointments. (Tr. at 18, 45–46, 203–208). Such daily activities undermine his claims of disability. *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

[7] The Court notes that the ALJ's assigned RFC contained very restrictive mental limitations, even though there was scant evidence of treatment for mental health issues, and no doctor's opinion finding mental impairments to be disabling. (Tr. at 15). The ALJ certainly gave Wayne due credit for his allegations when he formulated the hypotheticals and the RFC.

combination, properly assessed Wayne's subjective complaints, and did not err at Step Five.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be AFFIRMED and that judgment be entered for the Defendant.

DATED this 29th day of November, 2021.

_____
UNITED STATES MAGISTRATE JUDGE